UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

ELIJAH HUNT,

                  Plaintiff,                  FIRST AMENDED COMPLAINT
                                                               14 CV 3072 (KAM)(JO)

        -against-

DOMINICK J. VASATURO, Shield No. 1395,
and CHRISTOPHER CLARK, Shield No. 7238,
employees of the New York City Police
Department

                  Defendants.                Jury Trial Demanded

----------------------------------------------------------------X

      Elijah Hunt, by his attorney, The Law Office of Matthew Flamm, alleges the following, upon information and belief, as his First Amended Complaint:

## Nature of the Action

1.    This civil rights action arises from the October 3, 2013 assault on Elijah Hunt by New York City Police Officers. This action arises under the United States Constitution's Fourth and Fourteenth Amendments. Mr. Hunt seeks compensatory damages and punitive damages for violation of his civil rights under 42 U.S.C. §1983.

## Jurisdiction and Venue

2.    This action arises under the United States Constitution and 42 U.S.C. §1983. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §1343(3).

3.    Under 28 U.S.C. §1391(b), venue is proper in the Eastern District of New York because events giving rise to the action occurred in that judicial District.

<u>Parties</u>

4.Plaintiff ELIJAH HUNT ("plaintiff" or "Mr. Hunt") is a citizen of the United States of America residing in the State and City of New York, County of the Kings.

5.Defendant DOMINICK VASATURO, Shield No. 1395 ("Vasaturo"), was at all times relevant a duly appointed and acting officer employed by the New York City Police Department. On October 3, 2013, he was assigned to the 81st Precinct in Brooklyn, New York and was working with defendant Christopher Clark. He is sued in his individual capacity.

6.Defendant CHRISTOPHER CLARK was at all times relevant a duly appointed and acting officer employed by the New York City Police Department. On October 3, 2013, he was assigned to the 81st Precinct in Brooklyn, New York and was working with defendant Vasaturo. He is sued in his individual capacity.

7.At all times relevant, defendants VASATURO and CLARK were acting under color of state law.

8.The defendants and the other Police Officers involved in the incident underlying this lawsuit were at all times relevant agents, servants and employees acting within the scope of their employment by the City of New York.

Facts Underlying
<u>Plaintiff's Claims for Relief</u>

9.On October 3, 2013 at approximately 4:20 p.m., Mr. Hunt was violently attacked by defendant Vasaturo at and around the intersection of Decatur Street and Evergreen Avenue in Brooklyn, New York.

10. At that time and place, Mr. Hunt was operating a motorcycle and was stopped at a red light.

11. Defendants, in an unmarked vehicle, pulled up next to plaintiff.

12. Vasaturo opened the car door, striking the motorcycle and causing it to fall over.

13. Mr. Hunt reflexively thrust out his right arm to break the fall, injuring his right hand and wrist.

14. Defendants then approached Mr. Hunt as he lay on the ground injured, and Vasaturo punched Mr. Hunt in the face.

15. Mr. Hunt was handcuffed and taken to the 81st Precinct Stationhouse.

16. Defendant Clark, despite having a reasonable opportunity to do so, took no action to prevent, end, or truthfully report the unlawful conduct to which Mr. Hunt was subjected.

17. Mr. Hunt requested medical treatment at the Stationhouse, but was threatened with a longer incarceration if he sought such treatment.

18. Mr. Hunt, his injuries untreated and in substantial pain, was eventually transferred to Brooklyn Central Booking. He again requested medical treatment, but was told that he would be transferred back to the Precinct if he sought treatment.

19. Mr. Hunt, injured, untreated, and in pain, was finally released after approximately twenty four hours of incarceration, He went to Wyckoff Heights Medical Center Emergency Department and was found with left face pain and swelling, and pain to both hands, left knee and lower leg, and anterior chest wall.

He was found with parasthesia to his right, dominant hand. He was diagnosed with, among other things, a fracture to the anterior wall of the left maxillary sinus with extension into the floor of the left orbit. His right hand was splinted and placed in a sling.

20. Mr. Hunt received followup care for his eye injury on October 7, November 4, and November 25, 2013. He received followup care for injuries to his face on October 7 and 21, 2013. He went to Wyckoff more than a dozen times for care for his right hand injury in October and November, 2014. The hand injury had improved by mid-December 2013, and Mr. Hunt reported he was asymptomatic by January 8, 2014.

21. In addition to the physical pain, injuries and disability, defendants' acts and omissions caused Elijah Hunt to suffer mental and emotional upset and trauma, among other injuries.

22. At all times relevant, defendants acted intentionally, willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to plaintiff's rights and physical well-being.

### FIRST CLAIM FOR RELIEF
### FOR VIOLATING PLAINTIFF'S RIGHT
### TO BE FREE FROM UNREASONABLE FORCE UNDER
### <u>THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION</u>

23. Plaintiff repeats the allegations of the foregoing paragraphs as though fully stated here.

24. Defendant Vasaturo used unreasonable force under the circumstances, thereby violating plaintiff's rights under the Fourth Amendment to the United States Constitution.

25.     As a consequence thereof, Elijah Hunt has been injured.

### SECOND CLAIM FOR RELIEF FOR FAILURE TO INTERVENE TO PREVENT THE VIOLATION OF PLAINTIFFS' CIVIL RIGHTS

26.     Plaintiff repeats the allegations of foregoing paragraphs as though fully stated here.

27.     Defendant Clark was present during Vasaturo's actions, observed the conduct, had an opportunity prevent or end the conduct, but nonetheless failed to intervene to prevent or end the misconduct to which plaintiff was subjected.

28.     As a consequence thereof, Elijah Hunt has been injured.

### Request for Relief

WHEREFORE, plaintiff respectfully request that judgment be entered that Elijah Hunt's right to be free from unreasonable and excessive force under the United States Constitution was violated together with:

(A)     Compensatory damages in an amount to be fixed at trial;

(B)     By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages in an amount to be fixed at trial;

(C)     An award to plaintiff of the costs and disbursements herein;

(D)     An award of attorney's fees under 42 U.S.C. §1988;

  (E) Such other and further relief as this Court may deem just and proper.

Dated: July 19, 2014
   Brooklyn, New York

           Law Office of Matthew Flamm
            Attorney for Plaintiff
           26 Court Street, Suite 2208
           Brooklyn, New York 11242
           (718) 797-3117

           _____
           Matthew Flamm